STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, SS.                       CIVIL ACTION
                                        DOCKET NO. CV-03-045

RECEIVED & FILED

MAY 0 9 2006

ANDROSCOGGIN
SUPERIOR COURT

JACQUELINE CLOUTIER and
JOE CLOUTIER,

                    Plaintiffs

        v.                                  **DECISION AND ORDER**

ELIZABETH SAVARD,

                    Defendant


## I.    BEFORE THE COURT

Plaintiff Jacqueline Cloutier complains of personal injuries from a motor vehicle accident on August 8, 2001.  Her husband, Joe Cloutier, makes a claim for loss of consortium.  The defendant has stipulated to liability.  A trial without jury was held before the court.

## II.    BACKGROUND

The collision occurred on U.S. Route 202, in Greene, Maine.  Jacqueline stopped in the westbound lane headed towards Lewiston waiting for traffic to pass to make a left turn into the post office parking lot.  Her left-turn blinker was activated when the defendant, who was also traveling westerly, was distracted by a man being arrested in a nearby parking lot and struck the rear of Jacqueline's car.  Ms. Savard estimated her speed at 15-25 M.P.H.  The plaintiff did not see the Savard vehicle before the crash.  She does not know whether she was rendered unconscious, and has no memory of the collision.  The Cloutier vehicle was "totaled" as a result of the impact.

Mrs. Cloutier was taken by ambulance to Central Maine Medical Center for examination and was released with instructions. She later visited Martin's Point Healthcare and went through a lengthy period of physical therapy. She claims medical expenses of $12,109.64 and lost wages for approximately eight weeks.

### III. FINDINGS [1]

The impact of the Savard vehicle was substantial and severe. Mrs. Cloutier was bounced back and forth in the drivers seat. She did not suffer any broken bones or dislocations, but did become disoriented and was unsure of what was going on. She was unable to move or get out of the vehicle on her own. She was in substantial pain ("my body hurt") and was administered oxygen because she had difficulty breathing.

The diagnosis at the hospital was "cervical strain" and "abdominal wall contusion status post MVA." She was prescribed medication, told to use warm compresses on her neck and to return if there were signs of numbness, weakness, vomiting, or severe headache.

Mrs. Cloutier followed the emergency room treatment with a series of visits to her regular care physician at Martin's Point Health Care. Those records indicate moderate but continuing improvement through exercise and physical therapy through April of 2002.

Jacqueline was faithful and diligent with her program of exercise and more than forty physical therapy sessions; however, after each session she would be sore and have varying degrees of pain and discomfort.

The plaintiff had owned and cared for horses since she was ten. She is an accomplished rider and cared for and trained champion and world class show horses

---

[1] Unless otherwise stated, the facts set out here constitute factual findings by the court as proven by a preponderance of evidence.

throughout the northeast. Immediately after the accident she was unable to ride, but sometime later was able to ride for short periods, up to twenty to thirty minutes, but had pain and discomfort afterwards.

Riding, training, and caring for horses was a life passion for her. She has been unable to do major chores around the horse barn making it necessary to turn down the opportunity to accept prize horses for care and training. Her husband and daughter became responsible for a majority of chores in the barn. Even when she was able to resume some level of activity it was very limited and would make her sore and uncomfortable afterwards.

Mrs. Cloutier was a meticulous housekeeper. After the accident, her husband and daughter took over those duties but not to the level of her standard. For a while her daughter had to assist her with bathing and personal hygiene.

Mrs. Cloutier had a long work history. At the time of the collision she had been employed at MainePoly in Greene earning approximately $600 per week. Unfortunately the company was in bankruptcy and most employees had been released, but she had been asked to stay on for four to six weeks to help with the phase-out. After that she was to work at the Career Center to offer peer support and assist others with training and finding other employment. She earned approximately $385 per week at that job. She was out of work from August 8 to October 22.

Joe Cloutier learned of the collision from a friend who was a fire fighter. He went to the scene and saw his wife in great distress. He was with her at the hospital and assisted with her care on her return home and took over many of the household, horse, and barn chores usually performed by his wife.

3

There is no evidence of any permanent impairment; however, the plaintiff's injuries are substantial, long-lasting and continuing even though her condition and activity level has increased over time.

The court further finds that Mrs. Cloutier has made a substantial effort to aid her recovery by following the instructions of her healthcare providers and by aggressively pursuing her exercise and physical therapy programs. There is no evidence of malingering or that any of her complaints were unfounded or exaggerated.

The court further finds that a stairway fall in November of 2002 is unrelated to injuries from the collision and did not impact her recovery in any manner to effect the judgment here.

## IV.    DAMAGES

Mrs. Cloutier is entitled to recovery for her medical expenses, lost wages, pain and suffering, discomfort and loss of enjoyment of her life activities even though they may involve strenuous physical labor and activity.

Joe Cloutier is entitled to recover for loss of consortium, for the loss of his wife's activities around the home, and her companionship during the time of her recovery.

Defense counsel argues for mitigation of plaintiff's claims because there were no fractures, surgery, or permanent impairment. Although this is true, there is no evidence to contradict her complaints of continuing pain and discomfort, or of her reduced ability to carry on her normal pursuits and activities.

While fractures, surgery, and permanent impairment are serious, there are situations where serious lingering injures, as we have here, can be more debilitating for longer periods. Fractures often heal sooner and are less susceptible to reinjury than muscular strains.

4

The court assesses total damages for Jacqueline Cloutier at $91,859.64.

The court assesses damages for loss of consortium for Joe Cloutier at $7,500.00.

## V. JUDGMENT

The clerk will enter judgment for plaintiffs against Elizabeth Savard as follows:

A.    For plaintiff Jacqueline Cloutier in the amount of $91,859.64;

B.    for plaintiff Joe Cloutier in the amount of $7,500.00; and further,

C.    plaintiffs are entitled to interest and costs pursuant to applicable rules and statutes.

So ORDERED.

DATED: May 8, 2006

Thomas E. Delahanty II
Justice, Superior Court